----o----

CHRISTIAN TUFFLI *v.* THE OHIO LIFE INSURANCE AND TRUST COMPANY.

(No. 7,202.)

1. The ten per cent. interest act of March, 1850, did not enlarge the powers of banking corporations.
2. Trust certificates issued by the Ohio Life Insurance and Trust Company, bearing interest at three per cent. per annum, when dishonored, bear six per cent. interest, and when reduced to judgment, bear the same legal rate.

GENERAL TERM.—This action was brought to recover the amount of a number of certificates issued by the defendant to the plaintiff. The certificates specify as the rate of interest to be paid, three per cent. It was claimed that the plaintiff was limited to that rate, not only up to the time of the rendition of the judgment, but that the judgment should also bear that rate of interest. The court, at special term,

having entered the judgment on a calculation of three per cent. up to the time of default in payment, and six per cent. afterward, a motion was made to set aside the judgment, and this motion has been reserved for decision to the court in general term.

*Corwine & Hayes*, for plaintiff.

*Worthington & Matthews*, for defendant.

GHOLSON, J., delivered the opinion of the court.

To properly understand the question, it is necessary to look at the terms of the certificates.   One of these is as follows :

"DEPOSIT IN TRUST.

"No. 11,701—Cincinnati, January 23d, 1857.    $100.

" This may certify that the Ohio Life Insurance and Trust Company have received of Christian Tuffli the sum of one hundred dollars, in trust, that the said company will return the same, and allow interest thereon, at the rate of three per cent. per annum, for the term of two months from the date, of this certificate ; and, at the expiration of that period, will repay the same, with the interest accrued thereon, to the said Christian Tuffli, personal representatives, or assignees.

" This certificate is transferable only on the books of the company.    Signed, G. W. Rice, Secretary.    C. Stetson, President."

 The Ohio Life Insurance and Trust Company is authorized by its charter to receive deposits in trust, and agree upon the rate of interest.

The rate of interest which the company is authorized to charge, is seven per cent. on loans from the trust department.

Long after the incorporation of the Ohio Life Insurance and Trust Company, an act was passed, known as the ten per cent. law.   Swan St. 481.   The first section provides

that " the parties to any bond, bill, promissory note, or other instrument of writing for the payment or forbearance of money, may stipulate therein for interest receivable upon the amount of such bond, bill, note or other instrument, at any rate not exceeding ten per centum yearly: *Provided, however,* that no incorporated banking institution of this State shall be entitled to receive more than the rate of interest specified in its charter; or, if no rate be specified, more than six per cent. yearly upon any loan or discount whatsoever." The second section provides : " That upon all judgments or decrees rendered upon any bond, bill, promissory note, or other instrument aforesaid, interest shall be computed till payment, at the rate specified in such bond, bill, note, or other instrument not exceeding ten per centum, as aforesaid; or, in case no rate of interest be specified, at six per centum yearly."

The question, therefore, is, whether the certificates in this case are such instruments for the payment or forbearance of money, as are intended to be embraced in the sections of the act which have been quoted. And we think that they are not.

The Ohio Life Insurance and Trust Company can not, with propriety, be considered one of the parties intended in the first section of the act. It was in the nature of an enabling act. Before that act was passed, the rate of interest was limited to six per cent. Parties were, by that act, allowed to contract for any rate not exceeding ten per cent.; but the Ohio Life Insurance and Trust Company were not so privileged; they were still restricted to the rate in their charter.

Nor is the instrument used in this case, framed as it is, in view of the character of the company, and the particular provisions of its charter, such an instrument as is contemplated by the law. It certifies a deposit in trust; a low rate of interest is to be paid on the return of money deposited in trust; but there is another matter to be considered, the supposed special care and safety of the money, guarded by

the provisions of the charter, and in which it may be fairly inferred that the depositor on trust relied, and without which he would never have consented to receive so low a rate of interest. It is not, then, an ordinary instrument for the payment or forbearance of money, but one of a special and particular nature, and this clearly appears on its face.

It looks like mockery to say that a party, relying on such a company, and trusting his money, under such circumstances, when his well-founded confidence has been violated, and the return of his deposit in trust refused, should be told that the company stood in the relation of an ordinary borrower of money. We think, on the contrary, that the company, by not returning the money, with the stipulated interest, at the end of the two months, must be considered as having violated a trust, and is bound to make it good with interest at six per cent. from the time it should have been performed. The case will be remanded, with instructions to overrule the motion.

Motion overruled.